```
 1                         UNITED STATES DISTRICT COURT
                           EASTERN DISTRICT OF NEW YORK
 2

 3   ---------------------------------------X
                                             :
 4   CHAIM LERMAN,                           :
                                             : 15-CV-07381 (SJ)
 5              Plaintiff,                   :
          v.                                 :
 6                                           : February 27, 2018
     APPLE, INC.,                            : Brooklyn, New York
 7                                           :
                Defendant.                   :
 8                                           :
     ---------------------------------------X
 9

10         TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
                    BEFORE THE HONORABLE LOIS BLOOM
11                   UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13
     For the Plaintiff:        MICHAEL GRUNFELD, ESQ.
14                             SHIMON YIFTACH, ESQ.
                               Pomerantz LLP
15                             600 Third Avenue, 20th Fl.
                               New York, New York 10016
16

17   For the Defendant:        KEARA M. GORDON, ESQ.
                               DANIEL C. HARKINS, ESQ.
18                             DLA Piper
                               1261 Avenue of the Americas, 27th Fl.
19                             New York, New York 10020

20

21   Court Transcriber:        MARY GRECO
                               TypeWrite Word Processing Service
22                             211 N. Milton Road
                               Saratoga Springs, New York 12866
23

24

25



     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

1          THE CLERK:  Civil Cause for Telephone Conference,
2    docket number 15-CV-7381, <u>Lerman v. Apple, Inc</u>.  Will the
3    parties please state your names for the record?
4          MR. GRUNFELD:  Michael Grunfeld for the plaintiffs.
5          MR. YIFTACH:  Shimon Yiftach for the plaintiffs.
6          MS. GORDON:  Keara Gordon, DLA Piper, for defendant
7    Apple.
8          MR. HARKINS:  Daniel Harkins of DLA Piper as well
9    for defendant Apple.
10         THE CLERK:  The Honorable Lois Bloom presiding.
11         THE COURT:  Good afternoon Mr. Grunfeld, Mr.
12   Yiftach, Ms. Gordon and Mr. Harkins.
13         First, I apologize.  I do not like starting things
14   late and it was only because I was in a meeting with all the
15   other judges from the district that I could not be able to get
16   here on time.  So I apologize for keeping you guys waiting for
17   me.
18         This is a telephone conference in plaintiff's action
19   alleging that the defendant engaged in deceptive trade
20   practices and false advertising in violation of New York
21   General Business Law and the New Jersey Consumer Fraud Act.
22   And I last had this case before me at the initial conference
23   on January 25th, and at that time I chose not to endorse the
24   parties' proposed 26(f) plan and set the discovery deadlines.
25   Instead, I ordered the parties to file a mutual protective

1  order by February 20th and I ordered the plaintiffs to produce
2  their phones to defendant's counsel by that date, and I
3  ordered the parties to submit a revised 26(f) report by
4  today's telephone conference and then we would take it from
5  here.
6             One thing that I could say is I had directed the
7  parties to meet and confer and to come prepared to discuss
8  what the discovery issues are and what's essential and I
9  wanted a more realistic discovery plan.  I explained that
10 discovery should be narrowed at this time to get to the motion
11 for class certification as quickly as possible as the case has
12 already been pending for more than two years.  I don't really
13 see that the parties took that to heart.
14             But let's start with a ministerial point first.
15 This case was brought as Lerman as the lead plaintiff and all
16 of the docket still reflects that Lerman is the lead
17 plaintiff.  And I do see that there was an amended complaint
18 filed that lists Rosalyn Williams as the lead plaintiff.  But
19 as you can tell, the docket still refers to the case as Lerman
20 v. Apple.  Is Lerman no longer part of this case?
21             MR. GRUNFELD:  Lerman is still a plaintiff in the
22 action.
23             THE COURT:  So why --
24             MR. GRUNFELD:  All of the --
25             THE COURT:  So why would you reorder just to confuse

4

1 the rest of the case so that now we have to put a different
2 plaintiff in front?
3       MR. GRUNFELD:  This is Michael Grunfeld.  I'm not
4 actually sure about that.  I don't have a good answer for
5 that.
6       THE COURT:  Mr. Grunfeld, the correct answer I
7 believe is that you and the defendant will file some
8 stipulation that the amended complaint which may have listed
9 Rosalyn Williams first had just reordered the caption for no
10 particular purpose and that the case still has the original
11 title and we're not going to change it because that's going to
12 create all sorts of confusion.  If you dropped Lerman as a
13 plaintiff, okay, then I understand why you have Rosalyn
14 Williams on the caption.  But otherwise, we need to go back to
15 what it was originally filed as so that we don't have two
16 different names for the same case.
17       MR. YIFTACH:  Your Honor, this is Shimon Yiftach.  I
18 just want to tell you that's my fault.  It was just an
19 oversight.  There was no particular purpose for that.
20       THE COURT:  Well, then fix it, please.
21       MR. YIFTACH:  So I apologize.
22       THE COURT:  I want you both to fix it.  And I
23 believe under Rule 60(a) of the Federal Rules that you can fix
24 clerical errors.  So I want there to be something filed saying
25 that although the amended complaint listed Rosalyn Williams as

1  the first plaintiff, that that was just a ministerial error
2  and that Chaim Lerman is still a plaintiff and so the case
3  will proceed with it being called Lerman v. Apple.  Can I
4  suggest that that be done by Monday of next week, please?
5              MR. GRUNFELD:  Yes, Your Honor.
6              THE COURT:  Thank you.  There's going to be enough
7  confusion in this case, Mr. Grunfeld and Mr. Yiftach, that we
8  don't need to create issues where we don't have issues.  And
9  Ms. Gordon and Mr. Harkins, I take it that you will have no
10 opposition to filing the stipulation, is that correct?
11             MS. GORDON:  That is absolutely correct, Your Honor.
12             THE COURT:  Wonderful.  Okay.  Now we can get to the
13 meat of the matter.
14             What happened to the iPhones?  I have that
15 plaintiff's counsel will maintain iPhone 4s of Lerman and
16 Vorrasi and that Gonzalez and Williams do not have their
17 phones.  Is that what happened since the last conference?
18             MR. GRUNFELD:  That's right.  So we got the phones
19 from plaintiffs Lerman and Vorrasi and the other two
20 plaintiffs do not have their phones.  And as we note in our
21 report, I am keeping an agreement with Apple and keeping those
22 two phones in my custody as we negotiate a protocol for
23 testing them because if one part would just start doing things
24 to the phones unilaterally that would raise issues of whether
25 the evidence was altered at all if there were --

```
                                                                6
 1              THE COURT:  I understand, but I am interested in
 2   getting this to be resolved.  Have the parties already come up
 3   with a protocol for how they're going to be able to inspect
 4   those phones?
 5              MR. GRUNFELD:  No, we have not yet.
 6              THE COURT:  What is keeping the parties from coming
 7   up with a protocol?
 8              MR. GRUNFELD:  We just need to discuss it.
 9              THE COURT:  Look, I'm having this conference to move
10   us down the field.  I'm not having this conference because I
11   have nothing else to do.  I expect that when I say the parties
12   should meet and confer that they're not just going to meet and
13   confer so that plaintiff now has his client's phone.  That
14   doesn't help us.
15              MR. GRUNFELD:  Understood, Your Honor.  There has
16   been significant issues that we've discussed in the meet and
17   confer process, the protective order like the unexpected long
18   time to negotiate because of the sensitivities of --
19              THE COURT:  Okay.  I'm giving you as much time as I
20   possibly can imagine giving you.  And so I'd like this to be
21   done in less time.  But you are going to agree to the protocol
22   to have these phones inspected within 30 days.  We are now at
23   the 27$^{th}$ which means that by March 27$^{th}$ you're going to have
24   agreed and arrange for the defendants to be able to inspect
25   the phones.  Does that sound fair?
```

7

1     MR. GRUNFELD: Yes, Your Honor.
2     THE COURT: And does that sound fair to you as well,
3 Ms. Gordon?
4     MS. GORDON: Yes, Your Honor. We're actually
5 anxious to get those phones inspected. That sounds great.
6     THE COURT: But this means that you have to come up
7 with a protocol that both sides can agree with. And if you do
8 not come up with a protocol in the next two weeks, you'd
9 better be writing to me to tell me what the holdup is because
10 I will not accept something at the end of the month telling me
11 that you haven't been able to agree to it.
12     Now, have you already engaged the experts that you
13 are going to use, Ms. Gordon, to analyze these phones or --
14     MS. GORDON: No, Your Honor.
15     THE COURT: -- [inaudible] --
16     MS. GORDON: We -- I'm sorry, Your Honor, I didn't
17 mean to interrupt you. I apologize.
18     THE COURT: It's quite okay. That's the difficulty
19 on the phone. We can't read each other's cues. I'm familiar
20 from the criminal practice side that here where agents seize
21 somebody's phone that will be used for a prosecution that they
22 will create a mirror image of whatever is on that phone. And
23 I'm interested in that same month that I'm giving you to work
24 at a protocol with plaintiff's counsel for you to engage the
25 services of whatever expert that you're going to use to do

8

1  this analysis.  Does that sound fair, Ms. Gordon?
2             MS. GORDON:  Yes, Your Honor.  That actually raises
3  a couple of issues.  One is we had thought that the plaintiff
4  would have taken a mirror or a snapshot of their phones at the
5  time of the incident to record the state of the phone at the
6  time of the alleged degradation based on the download.  There
7  have been no snapshot, no mirror that apparently was taken by
8  any of the four plaintiffs either at the time of the download
9  nor at the time that they reasonably anticipated litigation.
10 So we had a conversation, as you may recall, at the first
11 conference about snapshots.  It has now come to our attention
12 that there is no snapshot at all.
13            So we already have a significant problem with regard
14 to the plaintiffs' ability to prove up the state of their
15 phones at the time of the download and that's a real concern
16 to us.
17            So leaving that aside, yes, we had suggested to the
18 plaintiff that there be a neutral third party expert that
19 would take the phones and the plaintiff to have retained them.
20 We also have a serious concern that two of the plaintiffs have
21 not retained their phones.
22            THE COURT:  Look, look, look --
23            MS. GORDON:  That gives us significant pause.
24            THE COURT:  Ms. Gordon, I'm sorry to say I don't
25 have solutions for those sorts of case problems.  Those are

9

1 plaintiff's case problems. I don't look at those as
2 defendant's case problems. They bear the burden of proof
3 here. And if they didn't take snapshots or they don't have --
4 two of their plaintiffs did not retain their phones, that's
5 not something I'm going to be able to solve. So I don't
6 really think that's worth our time and energy here today.
7 But as to whether or not plaintiffs who did retain
8 their phones have used the phone since the download, because I
9 thought part of the case was that the phones became
10 inoperable, they couldn't use them anymore, that is something
11 that again in the next month you are going to meet and confer
12 and come up with protocol for how these phones will be
13 analyzed and whether it's a third person that you both agree
14 to to be the expert, I don't care. You could retain the same
15 expert, you could retain your separate experts. Plaintiff can
16 get an expert who will do something with the phone to capture
17 as the phone is before they're turned over to defendant. This
18 is for the attorneys to figure out. This is not for the
19 Court. But it will be done by March 27th.
20 MS. GORDON: Yes, Your Honor. And we suggested and
21 sent over a proposal yesterday to the plaintiff of the
22 potential expert who could be in a position to take custody of
23 the two remaining phones and to run the agreed upon tests and
24 then separately any additional tests that are required.
25 The reason, Your Honor, that I raised the issue with

1  regard to the spoliation of the evidence is best.  During our
2  initial conference, Your Honor made comments about Rule 1 and
3  the just and speedy and inexpensive determination of action.
4  You made comments about taking seriously spoliation issues and
5  the prior characterization of discovery and getting to the
6  next pivot point in this case.  At that point the next pivot
7  point in this case is class certification.  Since that time it
8  has become obvious that we have as a potential pivot point
9  even before that whether or not any of these four named
10 plaintiffs have checked the integrity of their phones such
11 that they can prove up their case.  So one suggestion for Your
12 Honor is to prioritize discovery regarding the devices and
13 let's see if the plaintiff has the devices in such a position
14 in which they can prove their cases and Apple has the ability
15 to defend themselves or whether the devices have been
16 degregaded to such an extent that they cannot.  Because if
17 they cannot, then there's no reason to spend a whole lot of
18 money on costly class certification discovery and briefs.
19            THE COURT:  Thank you so much, Ms. Gordon.  I
20 decline that invitation.  I'm not going to bifurcate to do
21 just that issue, but thank you for raising it.
22            Okay.  So --
23            MR. GRUNFELD:  Your Honor -- I'm sorry, I didn't
24 mean to interrupt.
25            THE COURT:  I am ready to set another conference

11

1   because clearly I'm not ready to discuss the discovery
2   deadlines that you proposed in your revised 26(f) report
3   because it's been made clear to me that nothing is going to
4   happen unless I am right on top of this case.  So I'm not
5   handing off a mess to Judge Johnson.  That is not something
6   that I intend to do.  And so again, I will not consider
7   bifurcating for the limited issue that Apple wants to
8   bifurcate on.  That's not something that I will approve.
9            I will make sure that Apple has an opportunity to
10  get these devices and to have an expert review them.  And
11  again, if you didn't understand anything I said at the first
12  conference, Mr. Grunfeld, Mr. Yiftach, this case is a 2015
13  case.  I am moving this case.  I am giving you March 27th as
14  the deadline for you to agree with the defendants and get
15  these devices to whoever you both agree will be the person to
16  review these devices.  I'll set another conference with you
17  after that happens and we'll take up the next matter which is
18  fact discovery which you put at 8/17/18 for class cert.  I
19  don't really understand why you would need from today which is
20  February until August to make a motion for class cert.  You've
21  got to have already done a lot of research on how many users
22  of this phone there were and how many people may have been
23  affected.  I can't imagine that there's going to be that much
24  fact discovery that needs to be done.  But I'm just putting
25  that out there.  I'll give you another chance to speak to me

12

1 about that before I set the deadline.  But I'm putting this
2 down for another conference.  So since you have the 27th as the
3 date that you're going to have these protocols in place and
4 have this examined, how about you come to court at 10 o'clock
5 on April 5th?  How does that work for everybody because I
6 would like to see you so that we can get something done.  10
7 o'clock April 5th?  Does anybody have an issue with that date?
8             MR. GRUNFELD:  April 5th is difficult for me.  If it
9 would be possible to do the week after, that would be much
10 better.
11             THE COURT:  Who is speaking?  Because when you're on
12 the phone and I need to make a transcript available, I need to
13 know who's speaking.  So please identify yourself.  Who was
14 asking for a different date?
15             MR. GRUNFELD:  That was, I'm sorry, that was Michael
16 Grunfeld making that request.
17             THE COURT:  Mr. Grunfeld, there are four attorneys
18 that are listed on my docket.  Are you the primary on this
19 case?
20             MR. GRUNFELD:  Yes.
21             THE COURT:  And why is the 5th no good for you, sir?
22             MR. GRUNFELD:  Well, I have a brief due that day and
23 it's also the middle of the path that we're in.  I'm going to
24 be out I believe the --
25             THE COURT:  How about 2 o'clock on April 9th?

13

1              MR. GRUNFELD:  That would be -- that's great, Your
2    Honor.
3              MS. GORDON:  This is Keara Gordon.  2 o'clock on
4    April 9th works for me, Your Honor.
5              THE COURT:  Very good.  So this is going to be in
6    the courtroom and I'm sending you back to the table.  I want
7    the Lerman case to be the name of the case.  So you'll file
8    your stipulation by the end of this week.  I may have said by
9    Monday but I'm saying we're only on Tuesday, you can file it
10   by Friday under 60(a), that it was a ministerial oversight and
11   that the name of the case shall go forward as listed on the
12   docket as Lerman v. Apple.  And then I'm giving you until
13   March 27th to work out the protocol and to provide the phones
14   for the experts that Apple will be able to use whether you
15   agree to split the costs, the same expert, I don't care.
16   You'll figure that out.  And then you'll be prepared to talk
17   to me about why you need six months to get to class cert.
18   That's not my idea of what you should be doing here.  So be
19   very specific about what sort of discovery you're going to
20   need to conduct, how many depositions.  You should have
21   already served paper discovery if you need paper discovery.
22   You already included dates I believe for joining new parties.
23   That date is going to be quickly upon you at the next
24   conference.  So again, if that's something that you think
25   you're doing, I better know about that.

14

1          Mr. Grunfeld, Mr. Yiftach, anything else today
2    before we adjourn?
3          MR. GRUNFELD:  Well, Your Honor, just if I could
4    update the Court on a couple of items that have happened in
5    the interim just so Your Honor has a better sense of how
6    things have been proceeding and what our thinking is if that
7    would be helpful for you.
8          THE COURT:  I don't think it would be right now
9    because the number one thing for you is to get those phones
10   into the hands of Apple so that they can analyze them.  At the
11   next conference I'll be all ears as to everything that you've
12   done and accomplished.  But right now I don't really need you
13   to reassure me that you've been proceeding in good faith in
14   the case.  I assume that.
15         MR. GRUNFELD:  Okay.  We'll look forward to the next
16   conference, Your Honor.
17         THE COURT:  Okay.  Anything else on behalf of
18   defendants before we adjourn today?
19         MS. GORDON:  No, Your Honor.
20         THE COURT:  So again to reiterate, this case has
21   been pending since December of 2015.  I asked the parties at
22   the last conference to meet and confer and to propose a more
23   realistic discovery plan.  And I set forth my view that the
24   motion for class certification should be the event that we're
25   doing discovery to meet and that that should be done as

15

1  quickly as possible.  Now I hear that the phones are in
2  plaintiff's counsel's custody but there's been no exchange of
3  the phones which is what I was talking about at the last
4  conference.  And so I have set a date by which the protocols
5  for reviewing those phones as well as preserving the phones --
6  you heard what the issues that Ms. Gordon put on the record
7  are, Mr. Grunfeld and Mr. Yiftach.  And although I'm not going
8  to bifurcate discovery in the way that Apple proposed, these
9  are true concerns that you should be prepared to address.
10             And with that, I look forward to seeing you in court
11 room 11A on April 9th.  Thank you so much.  This matter is
12 adjourned.
13             MR. GRUNFELD:  Thank you, Your Honor.
14 (Proceedings concluded at 2:42 p.m.)
15                       * * * * * *

```
                                                                    16
1        I certify that the foregoing is a court transcript from
2   an electronic sound recording of the proceedings in the above-
3   entitled matter.
4
5                                    _____Mary Greco_____
6                                           Mary Greco
7   Dated:  March 3, 2018
```