

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Keara M. Gordon
Keara.gordon@dlapiper.com
T   212.335.4632

May 7, 2018

Magistrate Judge Lois Bloom
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Lerman, et al. v. Apple Inc.*, 15-cv-07381 (SJ) (LB): Discovery Issues

Dear Judge Bloom:

This firm represents defendant Apple Inc. ("Apple") in the above-referenced matter.  We are pleased to report that the parties have worked cooperatively to resolve nearly all of their discovery disputes.  We write regarding the remaining dispute for which it is necessary to seek the Court's intervention.

<u>The Plaintiffs Should Be Required to Identify Past Litigation.</u>

Plaintiffs refused to provide discovery concerning their involvement in past litigation. (*See* Ex. 1, Apple Meet and Confer Ltr., April 27, 2018, at 5-6 (citing Document Request Nos. 33-37; Interrogatory No. 11 (Williams); Interrogatory No. 10 (Lerman and Vorrasi)).[1])

Yet, the named plaintiffs affirmatively chose to represent the putative class and, as such, cannot evade scrutiny into whether they are adequate representatives.  Their involvement in past legal actions is part of a reasonable inquiry into adequacy.  *See*, *e.g.*, *Weisman v. Darneille*, 78 F.R.D. 669, 670-671 (S.D.N.Y. 1978) (named plaintiff found inadequate due to prior fraud conviction).

As a result, such information was sought by Apple, but plaintiffs objected to producing information concerning their involvement in other legal actions on the basis that they are uncomfortable with revealing "overly broad", "unduly burdensome" and "[not] relevant" information, among other reasons.[2]  (Exs. 2-5, Responses and Objections to Apple's First Set of

---

[1]   Plaintiffs objected to Apple's request for documents concerning any other litigation in which any named plaintiff: "ha[s] been named as a plaintiff" (Document Request No. 34); "ha[s] been named as a defendant" (Document Request No. 35); has "testified as a witness" (Document Request No. 36); and has provided "sworn testimony" in the form of "transcripts or affidavits" (Document Request No. 37).  Apple similarly served interrogatories asking plaintiffs to "[i]dentify each and every legal proceeding . . . in which [they] have been involved in any manner." (Interrogatory No. 11 (Williams); Interrogatory No. 10 (Lerman and Vorrasi).)  Plaintiffs objected to these requests as well.

[2]   Plaintiffs did, however, agree to produce documents concerning litigation in which they "sought to serve, or in fact served, as a lead plaintiff or otherwise in a representative capacity . . . ." (Document Request No. 33) and any action where they served "as a member of a putative class." (Document Request No. 34).



Magistrate Judge Lois Bloom
May 7, 2018
Page Two

Requests for Production, No. 34-37 (Lerman and Williams), Responses and Objections to Apple's First Set of Interrogatories, No. 11 (Williams) and 10 (Lerman).)  Discomfort is not a basis for objecting, and Apple has no way to ascertain the relevance of any legal proceedings with which these putative class representatives have been involved without discovering more information.  Moreover, plaintiffs have not satisfied their burden to articulate exactly how the requests are overly broad.  *See N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc*., No. 12-cv-01633, 2018 WL 1515711, at *10 (E.D.N.Y. Mar. 28, 2018) (internal quotations and citation omitted).  And, of course, the federal rules afford relevancy a "broad and liberal construction." *Id*.

In an attempt to compromise, Apple proposed a reasonable, non-burdensome alterative—that plaintiffs provide a log of basic information about each proceeding so that Apple may assess whether they implicate adequacy. (Ex. 1, Apple Meet and Confer Ltr., at 6.)  Plaintiffs rejected the compromise[3]—stating instead only that Lerman was part of a "traffic or driving related" matter and Williams part of "various legal proceedings" over a decade ago, as well as a more recent administrative financial matter.[4]  Both categories potentially implicate Rule 23(a)(4). *See, e.g.*, *Hively v. Northlake Foods, Inc*., 191 F.R.D. 661, 669 (M.D. Fla. 2000) (criminal DUI convictions implicate trustworthiness of named plaintiff); *Franks v. MKM Oil Inc*., No. 10-cv-00013, 2012 WL 3903782, at *9 (N.D. Ill., Sept. 7, 2012) (class representative's personal bankruptcy implicates credibility and, in turn, adequacy).

Apple is entitled to learn more about Lerman's and William's legal past—much of which may not be available on public dockets—to ascertain whether it is relevant to class certification.  As a result, Apple respectfully requests that the Court order Lerman and Williams to respond to Requests for Production Nos. 34-37 and to Interrogatory No. 11 to Williams and Interrogatory No. 10 to Lerman.

Sincerely,

/s/ Keara M. Gordon

Keara M. Gordon

Cc: All counsel of record (via ECF)

---

[3]    Plaintiffs would not even indicate if any action or proceeding was criminal in nature.

[4]    Apple is not moving for a response from Plaintiff Vorrasi at this time.  Plaintiffs' counsel indicated that Vorrasi's only prior legal action was a child custody matter.  Apple reserves the right to compel discovery, however, should it discover that this answer was incomplete.