# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------- x

CHAIM LERMAN, ROSLYN WILLIAMS,  :
CHRISTINA GONZALEZ, and JAMES VORRASI,  :
individually and on behalf of others similarly situated,  :
                                                          :
                Plaintiffs,  :
                                                          :
       v.  :   No. 15-cv-07381 (SJ) (LB)
                                                          :
APPLE INC.,  :
                                                          :
              Defendant.  :
--------------------------------------------------------------------- :

**PLAINTIFF CHAIM LERMAN'S RESPONSES AND OBJECTIONS TO**
**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION**
**OF DOCUMENTS TO PLAINTIFF CHAIM LERMAN**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Civil

Rules of the United States District Court for the Eastern District of New York ("Local Rules"),

Plaintiff Chaim Lerman ("Plaintiff"), by and through his undersigned counsel, hereby provides

the following responses and objections to Defendant Apple Inc.'s ("Defendant") First Set of

Requests for Production of Documents (the "Requests").

**PRELIMINARY STATEMENT**

      1.     Plaintiff's responses to Defendant's Requests are made without prejudice to

Plaintiff's rights to contend at any other stage of the proceedings that the requested documents

are irrelevant, inadmissible, or otherwise objectionable.  No incidental or implied admissions are

intended in these responses.  Plaintiff's responses to all or any part of the Requests are not an

admission that:  (a) Plaintiff accepts or admits the existence of any fact(s) set forth or assumed

by that request; (b) Plaintiff has in its possession, custody, or control any documents responsive

to that request; (c) documents responsive to that request exist; or (d) Plaintiff's responses

constitute admissible evidence.  Plaintiff's response to all or any part of a request does not waive all or any part of its objection(s) to that request.

2.      While Plaintiff's investigative efforts have been substantial, Plaintiff has not completed its: (a) investigation of the facts relating to this litigation; (b) discovery related to class certification or the merits in this action; or (c) preparation for trial.  The following responses are based upon information known at this time.  Plaintiff reserves its right to revise, supplement, correct or clarify any of its responses as necessary or appropriate.

## GENERAL OBJECTIONS

The following General Objections are hereby incorporated into each of Plaintiff's responses as if fully set forth herein:

1.      Plaintiff objects to the Requests to the extent they purport to impose obligations on Plaintiff greater than or beyond those required under the Federal Rules of Civil Procedure and/or the Local Rules.

2.      Plaintiff objects to the Requests to the extent they seek documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or immunities.   No waiver of any such privilege or immunity is intended by any production of documents by Plaintiff.  Documents are being produced on the condition that in the event any document subject to any such privilege or immunity is inadvertently produced, such documents will be returned to Plaintiff pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and pursuant to the protective order entered in this Action on February 21, 2018 (the "Protective Order").  Such inadvertent disclosure is further protected and does not operate as a waiver pursuant to Rule 502(b) of the Federal Rules of Evidence.

3.      Plaintiff objects to the Requests to the extent they are overbroad, unduly burdensome, vague, ambiguous, intended solely to harass, and/or seek documents irrelevant to the claim or defense of any party or documents of such marginal relevance that its probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents.

4.      Plaintiff objects to the Requests to the extent documents requested are already in Defendant's possession, publicly available, or are available to Defendant from another source that is more convenient, less burdensome, or less expensive.

5.      Plaintiff objects to the Requests to the extent they seek documents outside of Plaintiff's possession, custody, and control.

6.      Plaintiff objects to the Requests to the extent they purport to require Plaintiff to assume an unreasonable burden or expense.

7.      Plaintiff objects to the Requests to the extent they seek documents prematurely, including, but not limited to, documents subject to merits and expert discovery.

8.      Plaintiff objects to the Requests to the extent they call for legal conclusions or arguments or to the extent that they seek documents concerning Plaintiff's factual and legal contentions in this Action and, as such, are premature at this stage of the litigation, when discovery is ongoing and the record has not yet been fully developed, or are invasive of the attorney work product doctrine.

9.      Plaintiff objects to the Requests as burdensome to the extent they are duplicative and repetitive of another Request.

10.      Plaintiff's failure to object on a particular ground or grounds shall not be construed as a waiver of Plaintiff's right to object on any additional grounds.

11.     Plaintiff's production of any document in response to the Requests does not concede its relevance to or admissibility in support of any claim or defense in this Action.

12.     Plaintiff objects to the Requests to the extent they improperly seek identification or production of "all" documents or "any" documents with respect to particular requests, on the grounds that such requests are vague and overbroad and not tailored to relevant subject matter. It may be impossible to locate "all" or "any" document or item of information responsive to such discovery requests.

13.     Plaintiff reserves the right to revise, supplement, withdraw, or modify these responses in accordance with the Federal Rules of Civil Procedure.

14.     Any statement herein that "Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in its possession, custody, or control" or the substantive equivalent, means that Plaintiff will conduct a reasonable search for documents where Plaintiff believes such documents are likely to be located.  Plaintiff is not conceding that any such documents actually exist.

15.     Plaintiff incorporates, by reference, every General Objection set forth above into each specific response set forth below.  A specific response might repeat a General Objection for emphasis or some other reason.  The lack or inclusion of a general objection in any specific response does not waive such general objection to that request.

## OBJECTIONS TO DEFINITIONS

1.     Plaintiff objects to the Definitions to the extent that they purport to impose obligations on Plaintiff greater than or beyond those required under the Federal Rules of Civil Procedure and/or the Local Rules.

2.     Plaintiff objects to definition of the terms "Lerman" and "You" and "Your" as overbroad to the extent they refer to individuals or entities who are not parties to this action, or include Plaintiff's counsel, and requires production of documents and/or information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

3.     Subject to and without waiving the foregoing General Objections and the Objections to Definitions, Plaintiff responds as set forth below.

## OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

**Request No. 1**: Your iPhone 4s, including the original and any mirror images, snapshots, or other copies, regardless of form or format.

**Objections and Responses to Request No. 1**:

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous as to the meaning of the phrase "regardless of form or format," and seeks documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the claims and defenses that are the subject of this litigation, or are of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents.  Plaintiff further objects to this Request because of the risk of exposure of non-relevant personal information and protected information, including, but not limited to, attorney-client privileged information.

Subject to and without waiving the foregoing objections, Plaintiff has produced his iPhone 4s pursuant to the parties' agreement and subject to the Protective Order.  Plaintiff further responds that Plaintiff will, after a reasonable search, produce other responsive, non-privileged

documents in his possession, custody, or control that are responsive to this request, to the extent such documents exist.

**Request No. 2**: All Documents and Communications You relied upon in preparing the SAC, including all Documents supporting any fact alleged in the SAC.

**Objections and Responses to Request No. 2:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 2 on the grounds that it is overly broad and unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or information from individuals or entities who are not parties to this action or from Plaintiff's counsel.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control concerning documents supporting facts alleged in the SAC, to the extent such documents exist.

**Request No. 3:** All Documents and Communications identified in Your answer to Apple's First Set of Interrogatories.

**Objections and Responses to Request No. 3:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 3 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the claims and defenses that are the subject of this litigation, or are of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents.  Plaintiff further objects to this request to the

extent it seeks information protected by the attorney-client privilege, work-product doctrine. Plaintiff further objects to this request because it is duplicative of the other Requests.

**Request No. 4:** All Documents and Communications relating to or relied upon in Your Initial Disclosures Pursuant to Fed. R. Civ. Pro. 26(a)(1).

**Objections and Responses to Request No. 4:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to Request No. 4 to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or information from individuals or entities who are not parties to this action or from Plaintiff's counsel, and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control concerning documents relied upon in Plaintiff's Initial Disclosures, to the extent such documents exist.

**Request No. 5:** All Documents and Communications relating to Your download of iOS 9 on Your iPhone 4s, including any subsequent download of any Update.

**Objections and Responses to Request No. 5:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to Request No. 5 on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and

documents that are already in Defendant's possession or are available to Defendant from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff has produced his iPhone 4s pursuant to the parties' agreement and subject to the Protective Order.  Plaintiff further responds that Plaintiff will, after a reasonable search, produce other responsive, non-privileged documents in his possession, custody, or control that are responsive to this request, to the extent such documents exist.

**Request No. 6:** All Documents and Communications relating to Your purchase of Your iPhone 4s.

**Objections and Responses to Request No. 6:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 6 to the extent it seeks information already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this request, to the extent such documents exist.

**Request No. 7:** All Documents identifying each user of your iPhone 4s.

**Objections and Responses to Request No. 7:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 7 on the grounds that it is overly broad, unduly burdensome, and to the extent that the term "user" is vague and ambiguous.  Plaintiff further objects to this Request to the extent it seeks information that is already in Defendant's

possession or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff refers to his response to Interrogatory No. 1.

**Request No. 8:** All Documents and Communications relating to any Person who previously owned or used Your iPhone 4s.

**Objections and Responses to Request No. 8:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to Request No. 8 on the grounds that it is overly broad, unduly burdensome, and to the extent that the term "used" is vague and ambiguous. Plaintiff further objects to this Request to the extent it seeks information and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff refers to his response to Interrogatory No. 1.

**Request No. 9:** All Documents relating to any other Apple product that You have purchased.

**Objections and Responses to Request No. 9:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to Request No. 9 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the claims and defenses that are the subject of this litigation, or are of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents. Plaintiff further objects to this Request to the

9

extent it seeks documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

**Request No. 10:** All Documents relating to fees, costs or charges incurred by You relating to Your iPhone 4s, including, but not limited to, any bills or invoices from Your cellular and/or data carrier.

**Objections and Responses to Request No. 10:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to Request No. 10 on the grounds that it is overly broad and unduly burdensome and it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the claims and defenses that are the subject of this litigation, or are of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents. Plaintiff further objects to this Request to the extent it seeks information and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this request, to the extent such documents exist.

**Request No. 11:** All Documents relating to purchases from the Apple App store.

**Objections and Responses to Request No. 11:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to Request No. 11 on the grounds that it is overly broad and unduly burdensome and seeks documents and/or information that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence as to the claims and defenses that are the subject of this litigation, or are of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents.  Plaintiff further objects to this Request to the extent it seeks information and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this request to the extent that they relate to his iPhone 4s, to the extent such documents exist.

**Request No. 12:** All Documents relating to Your Apple account.

**Objections and Responses to Request No. 12:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 12 on the grounds that it is overly broad and unduly burdensome, and to the extent the phrase "Apple account" is vague and ambiguous. Plaintiff further objects to this Request on the grounds that it seeks documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the claims and defenses that are the subject of this litigation, or are of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents.  Plaintiff further objects to this Request to the extent it seeks information and documents that are already in

Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

**Request No. 13:** All Documents and Communications relating to any repairs or service performed on Your iPhone 4s.

**Objections and Responses to Request No. 13:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 13 on the grounds that it is overly broad and unduly burdensome and seeks documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the claims and defenses that are the subject of this litigation, or are of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents.  Plaintiff further objects to this Request to the extent it seeks information and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this request, to the extent such documents exist.

**Request No. 14:** All Documents and Communications relating to any warranty or service package applicable to Your iPhone 4s, including, but not limited to, any AppleCare package.

**Objections and Responses to Request No. 14:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 14 on the grounds that it is overly broad, unduly burdensome, and seeks documents and/or information that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence as to the claims and

defenses that are the subject of this litigation, or are of such marginal relevance that their

probative value is substantially outweighed by the burden imposed on Plaintiff in having to

search for and produce such documents.  Plaintiff further objects to this Request to the extent it

seeks information and documents that are already in Defendant's possession, publicly available,

or available to Defendant from another source that is more convenient, less burdensome, or less

expensive.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable

search, produce responsive, non-privileged documents in his possession, custody, or control that

are responsive to this request, to the extent such documents exist.

**Request No. 15:** All Documents and Communications between You, on the one hand, and Apple
or any other third party, on the other hand, including, but not limited to, all Communications
relating to: (a) Your purchase of Your iPhone 4s; (b) Your download of iOS 9 on Your iPhone
4s; (c) any complaint or inquiries You made concerning Your iPhone 4s or iOS 9; (d) any
warranty or service package applicable to Your iPhone 4s; (e) any repairs or service performed
on Your iPhone 4s; or (f) Your download of any Update to iOS 9.

**Objections and Responses to Request No. 15:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions

set forth above.  Plaintiff further objects to Request No. 15 on the grounds that it is overly broad,

unduly burdensome, and to the extent that the term "inquiries" is vague and ambiguous.  Plaintiff

further objects to this Request on the grounds that it seeks documents and/or information that are

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to

the claims and defenses that are the subject of this litigation, or are of such marginal relevance

that their probative value is substantially outweighed by the burden imposed on Plaintiff in

having to search for and produce such documents.  Plaintiff further objects to this Request to the

extent it seeks information protected by the attorney-client privilege and/or attorney work

product doctrine and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.  Plaintiff further objects to this Request on the grounds that it is duplicative of other Requests, including, but not limited to, Request Nos. 5, 6, 13, 14.

Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to his Responses to Request Nos. 5, 6, 13, and 14.

**Request No. 16:** All Documents and Communications between You, on the one hand, and any Putative Class Member, on the other hand, that relate to Apple, iPhone 4s, iOS 9, any Update, the SAC, any request that he or she participate in this lawsuit, or any of the allegations set forth in the SAC.

**Objections and Responses to Request No. 16:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 16 on the grounds that it is overly broad and unduly burdensome, and it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the claims and defenses that are the subject of this litigation, or are of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents.   Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**Request No. 17:** All Documents relating to any Communications between or among You or Your counsel, on the one hand, and any Putative Class Member, on the other hand, regarding the prosecution or resolution of this lawsuit, including the retention and hiring of counsel, the recovery of monies through this lawsuit or any agreement to divide such monies or counsel fees among You and the Putative Class Members.

**Objections and Responses to Request No. 17:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 17 to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine, or information from individuals or entities who are not parties to this action or from Plaintiff's counsel. Plaintiff further objects to this Request on the grounds that it is overly broad and unduly burdensome, and it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the claims and defenses that are the subject of this litigation, or are of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents.

**Request No. 18:** All Documents relating to any Communications between or among You or Your Counsel, on the one hand, and Roger M. Bayford, on the other hand, relating to Roger M. Bayford's lawsuit against Apple, *Roger M. Bayford v. Apple Inc.*, No. 92D01-1602-SC-182, Whitley Superior Court, Indiana (April 8, 2016).

**Objections and Responses to Request No. 18:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 18 to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or information from individuals or entities who are not parties to this action or from Plaintiff's counsel.

**Request No. 19:** All Documents and Communications relating to any damages sought in this action.

**Objections and Responses to Request No. 19:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 19 on the grounds that it is overly broad

15

and unduly burdensome and to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Additionally, Plaintiff objects to this Request to the extent that it calls for a legal conclusion or a legal argument, or is premature at this stage of the litigation.  Plaintiff also objects to this Request to the extent it prematurely seeks information related to experts, expert testimony, or expert opinion.  Plaintiff objects further to this Request to the extent it seeks documents already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

**Request No. 20:** All Documents and Communications relating to Your allegations in paragraph 16 of the SAC that after downloading iOS 9, Your iPhone 4s: (1) was "no longer functional for normal use"; (2) "slowed down significantly, with delayed responses to touch interactions [and] application ('App' or 'Apps') launches"; (3) was prone to "crashes, freezes, App shutdowns or failure to launch apps"; (4) became "difficult[] or fail[ed] to make and receive calls"; and (5) became "slow and buggy."

**Objections and Responses to Request No. 20**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 20 to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.  Plaintiff further objects to this Request to the extent that it is duplicative of other Requests.

Subject to and without waiving the foregoing objections, Plaintiff has produced his iPhone 4s pursuant to the parties' agreement and subject to the Protective Order.  Plaintiff further responds that Plaintiff will, after a reasonable search, produce other responsive, non-privileged documents in his possession, custody, or control that are responsive to this request, to the extent such documents exist.

**Request No. 21:** All Documents and Communications relating to Your allegation in paragraph 25 of the SAC that "[u]pon information and belief, Apple is aware and has been aware for some time that the iPhone 4s's functionality and/or performance is negatively affected by iOS 9."

**Objections and Responses to Request No. 21:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**Request No. 22:** All Documents and Communications relating to Your allegation in paragraph 49 of the SAC that "[w]hen iPhone 4s owners are faced with the dilemma of continuing to use a slow, buggy phone or spend hundreds to buy a new phone, Apple often benefits because consumers will often buy a new iPhone to keep their investment in the App ecosystem."

**Objections and Responses to Request No. 22:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to Request No. 22 on the grounds that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**Request No. 23:** All Documents and Communications relating to any Reports you saw relating to: (a) the impact of iOS 9 or any Update on iPhone 4s; and (b) fixes that could correct any problems caused by iOS 9 or any Update. This request includes, but is not limited to, Documents showing when You saw these Reports, including internet history files, cache files, flash cookies, computer folders used for temporary file storage, browser cookies, browser bookmarks, browser favorites, and browser profile folders.

**Objections and Responses to Request No. 23:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 23 on the grounds that it is overly broad, unduly burdensome.   Plaintiff further objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the claims and defenses that are the subject of this litigation, or are of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents, particularly as to its request for "internet history files, cache files, flash cookies, computer folders used for temporary file storage, browser cookies, browser bookmarks, browser favorites, and browser profile folders."  Plaintiff further objects to this Request to the extent that the phrase "fixes that could correct any problems" is vague and ambiguous.  Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

**Request No. 24:** All Documents and Communications relating to research You conducted regarding the impact of iOS 9 or any Update on iPhone 4s.

**Objections and Responses to Request No. 24:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to Request No. 24 on the grounds that it is overly broad and unduly burdensome and seeks documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the claims and defenses that are the subject of this litigation, or are of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**Request No. 25:** All Documents and Communications You plan to introduce as evidence at any stage of these proceedings, including but not limited to class certification.

**Objections and Responses to Request No. 25:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to Request No. 25 on the grounds that it is overly broad and unduly burdensome and to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Additionally, Plaintiff objects to this Request to the extent that it calls for a legal conclusion or a legal argument, or is premature at this stage of the litigation. Plaintiff also objects to this Request to the extent it prematurely seeks information

19

related to experts, expert testimony, or expert opinion.  Plaintiff objects further to this Request to

the extent it seeks documents already in Defendant's possession, publicly available, or available

to Defendant from another source that is more convenient, less burdensome, or less expensive.

**Request No. 26:** All Documents and Communications relating to Your decision to seek to be a class representative or lead plaintiff in this action or otherwise to commence litigation against Apple.

**Objections and Responses to Request No. 26:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions

set forth above.  Plaintiff further objects to Request No. 26 on the grounds that it is overly broad

and unduly burdensome, and calls for documents and/or information that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence related to the facts and

claims that are the subject of this litigation.  Plaintiff further objects to this Request to the extent

it seeks information protected by the attorney-client privilege and/or attorney work product

doctrine.

**Request No. 27:** All Documents and Communications relating to the relationship between You, on the one hand, and any attorneys employed at Pomerantz LLP or Bronstein, Gewirtz & Grossman, LLC, on the other hand.

**Objections and Responses to Request No. 27:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions

set forth above.  Plaintiff further objects to Request No. 27 on the grounds that it is overly broad

and unduly burdensome, vague and ambiguous, and calls for documents and/or information that

are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

related to the facts and claims that are the subject of this litigation.  Plaintiff further objects to

this Request to the extent it seeks information protected by the attorney-client privilege and/or

attorney work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds that he will produce any retainer agreements that he has executed with Pomerantz LLP and/or Bronstein, Gewirtz & Grossman, LLC.

**Request No. 28:** All Documents and Communications relating to Your allegations in paragraphs 61 through 67 of the SAC that certification of Plaintiffs' claims for class-wide treatment is appropriate.

**Objections and Responses to Request No. 28:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 28 on the grounds that it is overly broad and unduly burdensome.   Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and documents that are, in fact, already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive. Additionally, Plaintiff objects to this Request to the extent that it calls for a legal conclusion or a legal argument, or is premature at this stage of the litigation.   Plaintiff also objects to this Request to the extent it prematurely seeks information related to experts, expert testimony, or expert opinion.  Plaintiff further objects to this Request to the extent it seeks the documents of other persons, which are outside Plaintiff's possession, custody, or control.

**Request No. 29:** All Documents and Communications relating to Your allegation in paragraph 62 of the SAC that the Putative Class Members are so numerous that their joinder is impracticable.

**Objections and Responses to Request No. 29:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 29 on the grounds that it is overly broad and unduly burdensome.   Plaintiff further objects to this Request to the extent it seeks

information protected by the attorney-client privilege and/or attorney work product doctrine and documents that are, in fact, already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive. Additionally, Plaintiff objects to this Request to the extent that it calls for a legal conclusion or a legal argument, or is premature at this stage of the litigation.  Plaintiff also objects to this Request to the extent it prematurely seeks information related to experts, expert testimony, or expert opinion.  Plaintiff further objects to this Request to the extent it seeks the documents of other persons, which are outside Plaintiff's possession, custody, or control.

**Request No. 30:** All Documents and Communications relating to Your allegation in paragraph 63 of the SAC that common questions of law and fact exist as to all Putative Class Members.

**Objections and Responses to Request No. 30:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 30 on the grounds that it is overly broad and unduly burdensome.   Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive. Additionally, Plaintiff objects to this Request to the extent that it calls for a legal conclusion or a legal argument, or is premature at this stage of the litigation.  Plaintiff also objects to this Request to the extent it prematurely seeks information related to experts, expert testimony, or expert opinion.  Plaintiff further objects to this Request to the extent it seeks the documents of other persons, which are outside Plaintiff's possession, custody, or control.

**Request No. 31:** All Documents and Communications relating to Your allegation in paragraph 64 of the SAC that Plaintiffs' claims are typical of the claims of the Putative Class Members.

**Objections and Responses to Request No. 31:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 31 on the grounds that it is overly broad and unduly burdensome.   Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and documents that are, in fact, already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive. Additionally, Plaintiff objects to this Request to the extent that it calls for a legal conclusion or a legal argument, or is premature at this stage of the litigation.   Plaintiff also objects to this Request to the extent it prematurely seeks information related to experts, expert testimony, or expert opinion.  Plaintiff further objects to this Request to the extent it seeks the documents of other persons, which are outside Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**Request No. 32:** All Documents and Communications relating to Your allegation in paragraph 65 of the SAC that You will fairly and adequately protect the interests of the Putative Class Members and that You have no interests that are adverse or antagonistic to those of the Putative Class Members.

**Objections and Responses to Request No. 32:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 31 on the grounds that it is overly broad and unduly burdensome.   Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and documents that are, in fact, already in Defendant's possession, publicly available, or available to

23

Defendant from another source that is more convenient, less burdensome, or less expensive. Additionally, Plaintiff objects to this Request to the extent that it calls for a legal conclusion or a legal argument, or is premature at this stage of the litigation.   Plaintiff also objects to this Request to the extent it prematurely seeks information related to experts, expert testimony, or expert opinion.  Plaintiff further objects to this Request to the extent it seeks the documents of other persons, which are outside Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**Request No. 33:** All Documents and Communications relating to any litigation in which You sought to serve, or in fact served, as a lead plaintiff or otherwise in a representative capacity on behalf of other Persons.

**Objections and Responses to Request No. 33:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 33 on the grounds that it is overly broad, unduly burdensome, and calls for documents and/or information that is neither relevant nor calculated to lead to the discovery of admissible evidence as to the facts and claims that are the subject of this litigation.   Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and that are subject to a protective or confidentiality order.  Plaintiff also objects to this Request to the extent it seeks documents that are publicly available or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

24

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control concerning the allegations in the SAC, to the extent such documents exist.

**Request No. 34:** All Documents and Communications relating to any litigation in which You have been named as a plaintiff or as a member of a putative class.

**Objections and Responses to Request No. 34:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to Request No. 34 on the grounds that it is overly broad, unduly burdensome, intended to harass, and calls for documents and/or information that is neither relevant nor calculated to lead to the discovery of admissible evidence as to the facts and claims that are the subject of this litigation. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and that are subject to a protective or confidentiality order.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control relating to any litigation in which he has been named as a plaintiff in a putative class or as a member of a putative class, to the extent such documents exist.

**Request No. 35:** All Documents and Communications relating to any litigation in which You have been named as a defendant.

**Objections and Responses to Request No. 35:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to Request No. 35 on the grounds that it is overly broad, unduly burdensome, intended to harass, and calls for documents and/or information that is neither relevant nor calculated to lead to the discovery of admissible evidence as to the facts and

25

claims that are the subject of this litigation. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and that are subject to a protective or confidentiality order.

**Request No. 36:** All Documents and Communications relating to any litigation in which You testified as a witness.

**Objections and Responses to Request No. 36:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to Request No. 36 on the grounds that it is overly broad, unduly burdensome, intended to harass, and calls for documents and/or information that is neither relevant nor calculated to lead to the discovery of admissible evidence as to the facts and claims that are the subject of this litigation. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and that are subject to a protective or confidentiality order.

**Request No. 37:** All transcripts or affidavits constituting sworn testimony by You.

**Objections and Responses to Request No. 37:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above. Plaintiff further objects to Request No. 37 on the grounds that it is overly broad, unduly burdensome, intended to harass, and calls for documents and/or information that is neither relevant nor calculated to lead to the discovery of admissible evidence as to the facts and claims that are the subject of this litigation. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and that are subject to a protective or confidentiality order.

**Request No. 38:** All print-outs of website pages owned and/or operated by Apple that You visited or viewed related to the iPhone 4s, iOS 9 and/or Updates.

**Objections and Responses to Request No. 38:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 38 on the grounds that it is overly broad, unduly burdensome, and to the extent that the phrase "owned and/or operated by Apple" is vague and ambiguous.  Plaintiff further objects to this Request to the extent it seeks documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the claims and defenses that are the subject of this litigation, or are of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents.  Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**Request No. 39:** All print-outs of website pages that relate to Apple, the iPhone 4s, iOS 9, or any Update that You visited or viewed.

**Objections and Responses to Request No. 39:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 39 on the grounds that it is overly broad, unduly burdensome, and to the extent the phrase "website pages that relate to Apple, the iPhone 4s, iOS 9" is vague and ambiguous.  Plaintiff further objects to this Request to the extent it seeks documents and/or information that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence as to the claims and defenses that are the subject of this litigation, or are of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and documents that are already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**Request No. 40:** All Documents and Communications relating to Your assertion that You and Putative Class Members suffered injury due to the acts of Apple.

**Objections and Responses to Request No. 40:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 40 on the grounds that it is overly broad and unduly burdensome and to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Additionally, Plaintiff objects to this Request to the extent that it calls for a legal conclusion or a legal argument, or is premature at this stage of the litigation.  Plaintiff also objects to this Request to the extent it prematurely seeks information related to experts, expert testimony, or expert opinion.  Plaintiff objects further to this Request to the extent it seeks documents already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.  Plaintiff further objects to this Request to the extent it seeks the documents of other persons, which are outside Plaintiff's possession, custody, or control.

**Request No. 41:** All Documents and Communications relating to any attempts by You to mitigate any damages allegedly suffered by You as a result of any of the matters described in the SAC.

**Objections and Responses to Request No. 41:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 41 on the grounds that it is overly broad and unduly burdensome and to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Additionally, Plaintiff objects to this Request to the extent that it calls for a legal conclusion or a legal argument, or is premature at this stage of the litigation.  Plaintiff also objects to this Request to the extent it prematurely seeks information related to experts, expert testimony, or expert opinion.  Plaintiff objects further to this Request to the extent it seeks documents already in Defendant's possession, publicly available, or available to Defendant from another source that is more convenient, less burdensome, or less expensive.  Plaintiff further objects to this Request to the extent it seeks the documents of other persons, which are outside Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**Request No. 42:** All Documents sufficient to identify the financial resources available to You and/or Your counsel in order to fund costs and other expenses necessary to prosecute the claims asserted in the SAC, including, without limitation, the funds necessary to provide notice to the Putative Class Members.

**Objections and Responses to Request No. 42:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 42 on the grounds that it is overly broad, unduly burdensome, intended to harass, and calls for documents and/or information that is

29

neither relevant nor calculated to lead to the discovery of admissible evidence as to the facts and claims that are the subject of this litigation.  Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds that he will produce any retainer agreements that he has executed with Pomerantz LLP and/or Bronstein, Gewirtz & Grossman, LLC.

**Request No. 43:** Your resume or curriculum vitae and/or other Documents relating to summaries of Your education and/or employment history.

**Objections and Responses to Request No. 43:**

Plaintiff incorporates by reference all General Objections and Objections to Definitions set forth above.  Plaintiff further objects to Request No. 43 on the grounds that it is overly broad, unduly burdensome, intended to harass, and calls for documents and/or information that is neither relevant nor calculated to lead to the discovery of admissible evidence as to the facts and claims that are the subject of this litigation.

Dated: April 18, 2018

**POMERANTZ LLP**
*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
Michael Grunfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: mgrunfeld@pomlaw.com

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
Shimon Yiftach

60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile (212) 697-7296
Email: peretz@bgandg.com
Email: shimony@bgandg.com

**<u>Certificate of Service</u>**

I hereby certify that, on April 18, 2018, I caused the foregoing Plaintiff Chaim Lerman's

Responses and Objections to Defendant's First Set of Requests for Production of Documents to

Chaim Lerman to be delivered, by electronic mail, upon counsel of record for Defendant Apple,

Inc.

By: <u>/s/ *Michael Grunfeld*</u>
Michael Grunfeld