

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Keara M. Gordon
Keara.gordon@dlapiper.com
T  212.335.4632

October 11, 2018

Magistrate Judge Lois Bloom
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  *Lerman, et al. v. Apple Inc.*, 15-cv-07381 (SJ) (LB): Motion to Compel Plaintiffs' Devices for Demonstration at Deposition

Dear Judge Bloom:

      We represent defendant Apple Inc. ("Apple") in the above-referenced matter and write to request an order compelling plaintiffs to consent to the use of the iPhone 4S devices at issue in this case during two of the plaintiffs' upcoming videotaped depositions. Plaintiffs allege that iOS 9—an operating software—rendered their iPhone 4S devices "slow and buggy" or, worse, "unusable" upon download. (*See, e.g.*, Second Amended Class Action Complaint, ECF No. 18 ("SAC") ¶ 22.) To test these allegations, the Court ordered all plaintiffs to provide their iPhone 4S devices for inspection. (*See* Jan. 25, 2018 Order.) In response, the two plaintiffs who still had their devices provided them to an independent expert.

      At the plaintiffs' depositions, Apple intends to ask the plaintiffs who retained their iPhone 4S devices to demonstrate and reenact the problems they allegedly suffered. This demonstration will be videotaped and provide clarity as to plaintiffs' allegations in a way words cannot. This discovery is plainly relevant, supported by case law, and proportional to the needs of this case. Apple has exhausted written discovery and there are no other means of ascertaining plaintiffs' claims with the necessary precision. As is the case with many product-based claims, words alone leave large gaps in understanding a claim. Nothing will elucidate the exact nature of plaintiffs' claims better than they themselves demonstrating them at their depositions.

      To ensure plaintiffs' comfort with the use of their iPhones at the depositions, Apple has offered a variety of suggestions. Apple offered to reschedule the depositions to provide time for plaintiffs to prepare for deposition with their iPhones under the independent expert's supervision. Apple also invited plaintiffs to propose other conditions or stipulations. The plaintiffs rejected these offers and do not agree to demonstrate the problems on their devices at the depositions.

      <u>Plaintiffs' allegations require demonstration</u>. Plaintiffs' claims hinge on an amorphous allegation they are unable to fully define, clarify, or explain: that iOS 9 left their iPhone 4S "slow and buggy." (*See, e.g.*, SAC ¶ 1 ("slow and buggy"); ¶ 16 ("became slow and buggy, with significant usability problems during everyday use."); ¶ 22 ("too slow and buggy for daily use"); *id.* ("buggy, unusable phones . . . ."); ¶ 23 (". . . the frustrating, everyday experience of using a slow, buggy phone."); ¶ 53 (". . . living with a slow, buggy, and disruptive device.").)



Magistrate Judge Lois Bloom
October 11, 2018
Page Two

Apple sought detail into precisely what functions of plaintiffs' iPhones became "slow and buggy" or "unusable" through written interrogatories. Despite good-faith meet and confers and plaintiffs' revised responses, Apple still does not have the detail it requires for its experts to adequately test the devices and to mount its class action defense. While the revised responses articulated *some* functions allegedly running "slow and buggy," they failed to provide a complete list or a fulsome explanation of what "slow" or "buggy" means. (Ex. 1, Williams Supp. Resp. to Interrog. No. 5, 9; Ex. 2, Vorrasi Supp. Resp. to Interrog. No. 4, 8; Ex. 3, Lerman Supp. Resp. to Interrog. No. 4, 8.) Indeed, plaintiffs' responses on their face leave open the possibility that plaintiffs had other problems they did not detail in the response, as all three qualified their answers as among other types of "everyday use." (Ex. 1, Williams Supp. Resp. to Interrog. No. 9; Ex. 2, Vorrasi Supp. Resp. to Interrog. No. 8; Ex. 3, Lerman Supp. Resp. to Interrog. No. 8.)

A videotaped demonstration of plaintiffs' allegations is relevant, proportional, and efficient. Under Rule 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). There is no doubt that Apple is entitled to understand the problems plaintiffs claim occurred. There is no burden in doing so. The independent expert can bring the devices to the office for deposition, set them up for videotaping, and plaintiffs can operate their iPhones.

"[C]ourts have repeatedly recognized the utility of such demonstrative testimony." *Brown v. Gen. Instrument Corp.*, No. 93-cv-07907, 1995 WL 244946, at *1 (S.D.N.Y. Apr. 26, 1995). "[V]ideotaped depositions—which may include reenactments of events—can help parties better understand what occurred . . . ." *Ohlson v. Cadle Co.*, No. 04-cv-03418, 2010 WL 811300, at *2 (E.D.N.Y. Mar. 1, 2010); *see also* Fed. R. Civ. P. 30(b)(3)(A) ("testimony may be recorded by audio, *audiovisual*, or stenographic means.") (emphasis added). As such, courts routinely grant motions to compel videotaped demonstrations. *See, e.g., Brown*, 1995 WL 244946, at *1 (compelling videotaped demonstration of hand and arm motions used while operating keyboards of betting machinery as "unquestionably relevant"); *Carotenuto v. Emerson Elec. Co.*, No. 89-cv-06298, 1990 WL 198820, at *1 (E.D. Pa. Dec. 3, 1990) (reenactment an "effective means of enhancing the value of . . . testimony"); *Kiraly v. Berkel, Inc.*, 122 F.R.D. 186, 187 (E.D. Pa. 1988) (reenactment "would aid [defendant's] evaluation of the case and enhance the recordation and memorialization process intended by discovery") (internal quotation marks omitted); *Gillen v. Nissan Motor. Corp.*, 156 F.R.D. 120, 123 (E.D. Pa. 1994) (permitting videotaped deposition of allegedly defective seatbelt—"the central issue of the dispute"); *Roberts v. Homelite Div. of Textron, Inc.*, 109 F.R.D. 664, 666 (N.D. Ind. 1986) (reenactment of lawn mower accident would "aid in [defendant's] determination of what exactly occurred"); *Emerson Elec. Co. v. Super. Ct. of Los Angeles Cnty.*, 16 Cal. 4th 1101, 1108-09 (1997) (reenactment of saw accident appropriate given legislature's purpose in permitting videotaped depositions).



Magistrate Judge Lois Bloom
October 11, 2018
Page Three

To the extent that plaintiffs suggest that the experts can examine the devices, that may be true, but as an initial matter, it is for plaintiffs themselves to articulate the exact problems they allegedly suffered. Experts will then test those claims for class certification purposes.

Compelling plaintiffs to demonstrate the exact parameters of their allegations—on their actual iPhone 4S devices—will allow Apple to explore if plaintiffs suffered any damaging effects, and if so, what those effects were, what contributed to them, and whether they are unique to that named plaintiff, all of which is necessary for its class certification opposition. *See, e.g., Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 284 (D.N.J. 2011) (putative class asserting New Jersey Consumer Fraud claim "will have to establish their [Keurig] brewers were defective"—"a highly individualized inquiry unsuitable for class treatment."). Plaintiffs' inability to provide this information earlier—despite multiple requests from Apple—underscores the proportionality and efficiency of Apple's request: Apple has exhausted alternative means to understand the scope and parameters of plaintiffs' allegations. *See State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-cv-09792, 2015 WL 7871037, at *4 (S.D.N.Y. December 3, 2015) (granting motion to compel after finding discovery proportional, in part, because a party had no alternative means of obtaining the information sought). Indeed, recording plaintiffs using their iPhone 4S will "enhanc[e] the value of the[ir] . . . testimony," *see Carotenuto*, 1990 WL 198820, at *1, and elucidate what exactly "slow and buggy" means—something that "cannot be described adequately by stenographic means" alone, *see Ohlson*, 2010 WL 811300, at *2.

The parties' independent expert will oversee the videotaped demonstration. Apple is prepared to meet and confer with plaintiffs concerning a protocol for use of the iPhone 4S devices during plaintiffs' depositions, including use of the parties' mutually agreed independent expert. *See Brown*, 1995 WL 244946 at *1 (establishing "protocol for videotaping depositions").

Apple respectfully requests an expedited telephonic hearing on its motion at the Court's convenience, as we are available as soon as tomorrow as Apple intends to depose Mr. Vorrasi next Thursday and the remaining plaintiffs soon thereafter—less than two weeks before the close of fact discovery concerning class certification on October 31, 2018.[1]

For the reasons above, Apple respectfully requests that the Court grant its motion to compel videotaped iPhone 4S demonstrations at Mr. Lerman's and Mr. Vorrasi's depositions.

---

[1] To expedite the Court's resolution of this motion, the parties have agreed simultaneously to submit letters regarding this issue, rather than file sequential moving and responsive briefs over three days pursuant to Your Honor's Individual Rule 5.A.



Magistrate Judge Lois Bloom<br>
October 11, 2018<br>
Page Four

Sincerely,

Keara M. Gordon

Cc: All counsel of record (via ECF)