```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHAIM LERMAN, ROSLYN WILLIAMS, and
JAMES VORRASI, individually and on behalf of
others similarly situated,
                                                                    MEMORANDUM AND ORDER
                    Plaintiffs,                                         15-CV-7381 (LB)
        -against-

APPLE INC.,

                    Defendant.
----------------------------------------------------------------X
```

### ORDER GRANTING APPROVAL OF CLASS ACTION SETTLEMENT; AWARDING ATTORNEYS' FEES, EXPENSES, AND NAMED PLAINTIFF SERVICE AWARDS; AND ENTERING FINAL JUDGMENT

**WHEREAS**, the Court held a Final Approval Hearing to consider approval of this class action settlement on September 22, 2022. The Court has considered the Settlement Agreement (ECF No. 155-3), the record in the Action, and the Parties' arguments and authorities.

**NOW THEREFORE IT IS HEREBY ORDERED, AND JUDGMENT IS HEREBY ENTERED, AS FOLLOWS:**

1. For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Action, the Named Plaintiffs, the Settlement Class Members, and Defendant Apple Inc.

### NOTICE

3. The Court finds that the Class Notice constituted the best notice practicable under the circumstances to all Settlement Class Members and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

1

## CERTIFICATION OF THE SETTLEMENT CLASS

4. The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rule of Civil Procedure 23(a) and (b)(3) are satisfied. The Court certifies the following Settlement Class for purposes of Settlement only:

> All individuals and entities in New York and New Jersey who currently own or have owned an iPhone 4S that was updated to any version of iOS 9 from any version of iOS 7 or iOS 8.

For purposes of this definition, "own" shall include all individuals or entities that owned, purchased, leased, or otherwise received an eligible device, and individuals who otherwise used an eligible device for personal, work, or any other purposes. Excluded from the Settlement Class are (a) directors, officers, and employees of Apple or its subsidiaries and affiliated companies, as well as Apple's legal representatives, heirs, successors, or assigns; (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff; (c) Defense Counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns; and (d) any other individuals whose claims already have been adjudicated to a final judgment; and (e) those individuals who timely and validly request exclusion.

5. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among other things:

a. There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of a full day mediation session with a respected mediator and former federal Magistrate Judge, warranting a presumption in favor of approval.

b. The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Settlement Class Members. Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

c. The support of Class Counsel and the Named Plaintiffs, who have participated in this litigation and evaluated the proposed Settlement, also favor final approval.

d. The Settlement provides meaningful relief to the Class, including cash relief, and certainly falls within the range of possible recoveries by the Settlement Class Members.

## **RELEASES**

6. As of the Effective Date, the Named Plaintiffs and each of the members of the Settlement Class who have not timely requested exclusion from the Settlement Class, and each of their respective successors, assigns, legatees, heirs, and personal representatives, will be deemed to have released the Released Parties of all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known claims or unknown claims, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions, or other conduct that was or could have been alleged or otherwise referred to in this Action, relating to iOS 9, or any version thereof, on the iPhone 4S, including, but not limited to, any and all acts, omissions, or other conduct asserting claims (including, without limitation, any unknown claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action.

7. As of the Effective Date, the Settlement Class Members and the Named Plaintiffs shall have fully, finally, and forever released, relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other claims arising out of the defense of the Action that are known to the Settlement Class Members and/or the Named Plaintiffs as of the Effective Date, against Apple's attorneys, legal representatives, and advisors, including Defense Counsel. Notwithstanding the foregoing, this release shall not include any future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all orders construing the Stipulated Protective Order, including but not limited to ECF No. 46. This release does not constitute a general release.

8. After entering into this Settlement, the Settlement Class Members and/or Named Plaintiffs may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the claims released by this Settlement, but they intend to release fully, finally and forever any and all such claims. The Settlement Class Members and Named Plaintiffs expressly agree that, upon the Effective Date, they waive and forever release any and all provisions, rights, and benefits conferred by: Section 1542 of the California Civil Code; and any law of any state, territory, or possession of the United States or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

9. As of the Effective Date, the Released Parties shall have fully, finally, and forever released, relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other claims arising out of the initiation, prosecution, or settlement of the Action, including both known claims and unknown claims, against the Named Plaintiffs and Class Counsel. Notwithstanding the foregoing, this release shall not include any future claims relating to the continued enforcement of the Settlement, the

Stipulated Protective Order, and all orders construing the Stipulated Protective Order, including but not limited to ECF No. 46. This release does not constitute a general release.

## REQUESTS FOR EXCLUSION

10. The individuals identified in Exhibit 1 hereto timely and validly requested exclusion from the Settlement Class. These individuals shall not share in the monetary benefits of the Settlement, and this Order does not affect their legal rights to pursue any claims they may have against Apple.

## ATTORNEY'S FEES AND NAMED PLAINTIFF SERVICE AWARDS

11. The Court finds that an award of attorney's fees in the amount of $6,666,000, and expenses in the amount of $2,809,371.74, to Class Counsel is fair and reasonable and therefore approves such award.

12. The Court finds that the payment of Named Plaintiff Service Awards is fair and reasonable and therefore approves such payment as follows: $45,000.

## OTHER PROVISIONS

13. The Action, and all claims asserted in the Action, is settled and dismissed on the merits with prejudice.

14. Payments to Settlement Class Members under the Settlement Agreement shall be made as outlined in the Settlement Agreement.

15. Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

16. Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over this Action, the Named Plaintiffs, the Settlement Class Members, and Apple to enforce the terms of the Settlement, the Court's order preliminarily certifying the Settlement Class (ECF No. 157), and this Order. In the event that any applications for relief are made, such applications shall be made to the Court. To avoid doubt, the Final Judgment applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

17. The Settlement and this Order are not admissions of liability or fault by Apple or the Released Parties, or a finding of the validity of any claims in the Actions or of any wrongdoing or violation of law by Apple or the Released Parties. To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by, the Released Parties. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

18. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

**NOW, THEREFORE**, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED AND JUDGMENT IS ENTERED**.

SO ORDERED.

/S/ Judge Lois Bloom

LOIS BLOOM
United States Magistrate Judge

Dated: October 4, 2022
Brooklyn, New York

## **Exhibit 1**

## **Valid Requests for Exclusion**

1. Nicole Colamarino (ECF 160-3)
2. Susan Masluk (ECF 160-3)
3. Karen Araujo (ECF 160-3)
4. Gary Kevin (ECF 160-3)
5. Paul J. Damore (ECF 160-3)
6. Cristiano Capuzzi (ECF 160-3)
7. Elizabeth Fischi (ECF 171-3 p. 22)
8. Gloria Polacko (ECF 171-3 p. 24)